

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARTER, FULLERTON & HAYES, )
)
Plaintiff, )
)
v. ) Civil Action No.: 1:12-cv-448
)
FEDERAL TRADE COMMISSION, )
)
Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. No. 12). Carter, Fullerton & Hayes ("Plaintiff") brought suit against the Federal Trade Commission ("FTC" or "Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking injunctive relief and seeking disclosure of agency records improperly withheld from Plaintiff as part of its FOIA request.

For the reasons that follow, the Court DENIES Defendant's Motion for Summary Judgment.

## BACKGROUND

Carter, Fullerton & Hayes ("Plaintiff"), is a Virginia law firm that represents a not-for-profit organization engaged in oversight of the FTC's regulation of alcohol. Plaintiff has filed systematic FOIA requests with the FTC seeking undisclosed information relating to the FTC's interactions with the alcoholic beverage industry and for other purposes. The FTC, along with other federal agencies, regulates certain aspects of the marketing and distribution of alcoholic beverages. In that capacity, the FTC holds regular meetings, both closed and open to the public,

in which matters relevant to the alcoholic beverage industry are discussed. Through its FOIA requests, Plaintiff has sought and seeks information about these meetings, the agency's deliberations, persons involved and ultimately insight into the agency's decision-making process.

Plaintiff has previously submitted a number of FOIA requests to the FTC over the last seven years. Each of the last four FOIA requests from Plaintiff to Defendant have resulted in a civil action before a District Court. Before and during this litigation, Plaintiff attempted to solicit additional documents from the agency as well as compel greater explanations for certain withholdings. Despite efforts made by Plaintiff to avoid this litigation by asking pre-suit for an index of documents searched for by the FTC (a *Vaughn* Index), the FTC refused to provide one until and unless a lawsuit was filed. Therefore, the only way Plaintiff could confirm that the agency had fulfilled its duties pursuant to the FOIA request was to bring an action before this Court. Such an approach is unfortunate and violates the intent of the FOIA statute, and in this case revealed that until a lawsuit was filed, the FTC did not take the request seriously enough.

### A. Plaintiff's Prior FOIA Requests

As noted, Plaintiff has regularly filed FOIA requests with the FTC. Since 2007, Plaintiff has filed four FOIA requests, including this one, each of which has resulted in a civil action. The three requests filed prior to this action sought substantially the same information from the FTC. In addition, Plaintiff has claimed in each civil action that the agency failed to conduct an adequate search as required under FOIA and that the agency improperly withheld responsive records that were not properly exempt from disclosure. The first two cases took place in 2007 and 2009, respectively, before the U.S. District Court for the District of Columbia: (1) *Carter, Fullerton & Hayes LLC v. F.T.C.*, 520 F. Supp. 2d 134 (D.D.C. 2007) ("*Carter I*") and (2) *Carter, Fullerton & Hayes LLC v. F.T.C.*, 673 F. Supp. 2d 1 (D.D.C. 2009) ("*Carter II*"). The

third case, *Carter, Fullerton & Hayes LLC v. F.T.C.*, 601 F. Supp. 2d 728 (E.D. Va. 2009) ("*Carter III*"), was filed in this Court. In all three instances, the District Court upheld the adequacy of the FTC's search and its application of the FOIA exemptions.

### B. Plaintiff's May 2011 FOIA Request

Plaintiff submitted its latest FOIA request to the FTC, FOIA-2011-00960, on May 20, 2011. This request was substantially similar to the requests submitted as part of prior requests, and states:

> 1) I request that copies of all documents in your possession relating to liquor; the Care Act, H.R. 1161 or H.R. 5034, post and hold and alcohol pricing laws, caffeinated alcoholic beverages, flavored malt beverages, wine, spirits or malt beverages; malt beverage manufacturers; malt beverage wholesalers; wine and distilled spirits manufacturers; wine and distilled spirit wholesalers; malt beverage, wine and distilled spirits retailers; any organizations representing the aforementioned; and any entity communicating with FTC or any division or office thereof, including without limitation the FTC's Commissioner officers, Bureaus of Competition, Consumer Protection, Economics, General Counsel, Office of Policy and Planning and/or any regional office of the FTC (hereinafter FTC) on any aspect of the regulation of alcohol from date January 1, 2008 through completion of your production for this FOIA request. (emphasis original).
>
> 2) Any document regarding the FTC's response and/or compliance with our two previous FOIA requests dated 10/13/2006 (FOIA 2007-00067) and 11/20/2007 other than the documents actually produced to Carter Fullerton & Hayes in response to FOIA these requests. (sic)
>
> 3) From January 1, 2008 to the present, all FTC documents related to any communications with other federal, state and local agencies regarding the regulation of alcohol, the legal basis for FTC jurisdiction, and/or any protocols with other federal departments or agencies on alcohol-related issues.
>
> 4) From January 1, 2008 to the present, the travel schedules and expense forms for any FTC employee for any travel associated with alcohol-related issues. All requests for speaking engagement travel, and contract regarding alcohol-related issues or alcohol-related entities, corporations, and/or associations.
>
> 5) Correspondence solely related to the FTC's study of alcohol advertising is exempt from this request. Do not include in this request material that is already publicly available on the FTC website as of May 20, 2011 In your search for the

3

above matters you should include but not limit your search to any mention/contact of with: American Beverage Licenses, American Beverage Institute, Brewers Association, Costco Corporation, Center for Alcohol and Marketing, Center for Science in Public Interest, Century Council, Mercatus Center, Distilled Spirits Council of United States, Beer Institute, Wine Institute, National Beer Wholesalers Association, Institute for Justice, Wine and Spirits Wholesaler of America, McDermott Will & Emery, Kirkland and Ellis, National Association of Beverage Importers, National Retail Federation, Nation Conference of State Legislature, Retail Industry Leaders Association, Specialty Wine Retails Association, George Mason University, National Alcohol Beverage Control Administration, Pacific Institute of Research and Evaluation, Total Wine & Spirits, Wine America, National Restaurant Association, Mothers Against Drunk Driving, Marin Institute, any law firm, state chapters or associations or related entities of any of the aforementioned groups, any individual alcohol company manufacturer, distributor, importer or retail company.

Dkt. No. 13-1 at 4. Along with its request, Plaintiff stated its willingness to pay fees up to $1,500 to mitigate the costs of the search. *Id.* at 5. On May 24 and 26, 2011, the FTC's FOIA Unit staff sent Plaintiff two letters acknowledging receipt of the request for records and assigning the submission a Request Number. Dkt. No. 13-1 at 23-24. On June 22, 2011, Assistant General Counsel Joan Fina sent Plaintiff a subsequent letter informing them that the FTC was unable to fulfill the FOIA request within the 20-day statutory period. Dkt. No. 13-1 at 26; 5 U.S.C. § 552(a)(6)(A)(i). The statute allows for an extension of the 20-day deadline for various "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). The FTC letter to Plaintiffs explained that the request "falls into one or more of the following three categories" (sic):

> (1) The need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request.
> (2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request.

Dkt. No. 13-1 at 26. No further specifics were offered to justify the extension.

4

### C. FTC's FOIA Search

Upon receipt of Plaintiff's FOIA request, Michael Killoy ("Killoy"), FOIA Paralegal Specialist in the FTC's Office of General Counsel, was assigned to conduct the search. Mr. Killoy's affidavit has been submitted by Defendant and offered as evidence of the extent of the search conducted by the agency and reflects that Defendant conducted the search for responsive records dated from January 1, 2008 and forward. Mr. Killoy began the search using the name of the requesting counsel, John L. Carter. This search returned results for Mr. Carter's three prior requests. It is unclear to what extent the search within FOIAXpress went beyond searching only with Plaintiff counsel's name or to what extent the same documents were again disclosed following the latest search.

Mr. Killoy's affidavit indicates that he then searched the FTC's Oracle Business Objects XI database, "the case management and tracking system used by FTC staff to record and maintain up-to-date information on cases and matters opened by the FTC." Dkt. No. 13-1 at 52. The information returned by the search determines which divisions or offices within the FTC possess responsive records. Apparently, Mr. Killoy conducted the database search "using the search terms provided by Mr. Carter's request." *Id.* Mr. Killoy's affidavit also lists each of the departments or offices within which responsive records were found. That list does not include the Bureau of Economics or the Office of Policy and Planning, where Defendant expected many of the responsive records would be found. The *Vaughn* Index lists dozens of drafts, emails and other records that are authored by the Bureau of Economics or its staff, yet Mr. Killoy's affidavit indicates that it was not searched. *See e.g.* Dkt. No. 13-1 at 16-21.

Between June 1 and June 15, Mr. Killoy received responsive records from each of the chosen departments totaling more than 3,000 pages. He scanned each document, reviewed each

page and made a recommendation to the Assistant General Counsel, Ms. Fina, as to whether each page of the document was responsive. He also recommended which pages should be redacted in part or in whole under FOIA exemptions. Having received all responsive records, the FOIA office sent the aforementioned letter to Plaintiff on June 22, 2011 informing him that the FTC would be unable to fulfill the request within the statutory 20-day time limit and would require an extension.

By July 27, 2011, the FOIA Office began granting Plaintiff access to some of the responsive records. The first partial response identified 123 pages of documents that were located and reviewed. Of those, 102 pages were withheld in full and 21 pages were provided to Plaintiff. In withholding the majority of the documents, the FTC cited FOIA Exemption 5, under 5 U.S.C. § 552(b)(5), because the documents "contained staff analyses, opinions, and recommendations that are deliberative and pre-decisional and are an integral part of the agency's decision making process." Dkt. No. 13-1 at 53. Specifically, Exemption 5 protects from disclosure "inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[1] 5 U.S.C. § 552(b)(5).

On September 9, 2011, the FTC identified an additional 698 pages of responsive documents, 368 of which were withheld under FOIA Exemption 5. An undisclosed number of pages were also partially redacted. On September 26, 2011 the FOIA offices identified an additional 650 pages of responsive records and withheld about 350 pages in full. Finally, on September 30, 2011, the FTC made another disclosure, identifying over 1,100 pages of

---

[1] According to the affidavit from Assistant General Counsel for Information and Legal Support Dione Jackson Stearns, the FTC asserted Exemption 5 "to protect internal memoranda, emails, notes, and drafts containing staff analyses, opinions, and recommendations pursuant to the deliberative process privilege, the attorney work product privilege, and the attorney-client privilege." Dkt. No. 13-1 at 11.

6

responsive records, over 900 of which were withheld under Exemptions 5 and 6.[2] The FTC's letter stated that the September 30th disclosure would be the final submission.

### D. FTC's Denial of Appeal and Refusal of Vaughn Index

On October 28, 2011, following the FTC's final determination, Plaintiff appealed to the FTC's General Counsel, challenging the agency's determination to withhold records in their entirety or portions thereof as well as the time it took the FTC to respond to the FOIA request. No. 13-1 at 39. Plaintiff argued that the requested documents were not exempt from disclosure and that the FTC acted in an arbitrary and capricious manner. Plaintiff specifically cited its desire to avoid an additional round of litigation by requesting that the Chief FOIA Officer "describe the deleted materials in detail and specify the specific statutory basis for the denial as well as the agency's reasons for believing that the alleged statutory justification applies in this instance." Dkt. No. 13-1 at 40.

In a letter from FTC's General Counsel, Willard K. Tom, dated November 30, 2011, the agency summarily denied Plaintiff's appeal and refused to disclose any additional records, or offer justification for withholdings or the reasoning behind its decisions. Dkt 13-1 at 42. Mr. Tom wrote that Exemption 5 applied to nearly all of the withheld materials. Those withheld documents, the letter claimed, clearly constituted predecisional and deliberative documents, and were exempt under the Court's determination in *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975). Finally, the letter denied Plaintiff's request to avoid litigation by seeking more substantive explanations for the withholdings. Mr. Tom described Plaintiff's request as "essentially a request for information typically provided in a *Vaughn* Index, which courts require

---

[2] Exemption 6, under 5 U.S.C. § 552(b), provides that the agency may withhold from disclosure any "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The FTC cited this exemption for only about 35 pages of documents.

in FOIA litigation to describe withheld records." Dkt. No. 13-1 at 45. The letter goes on to cite case law which provided that agencies were not *required* to provide a *Vaughn* Index until ordered to do so by a court after Plaintiff has exhausted all administrative remedies. *Id.* (citing *Judicial Watch, Inc. v. Clinton*, 880 F. Supp 1, 11 (D.D.C. 1995)). The Agency's response left Plaintiff with little choice but to pursue yet another FOIA action before this Court.

### E. FTC's Subsequent Disclosures

After Plaintiff brought this action before the Court and more than a year after Plaintiff filed its FOIA request, the FTC identified additional documents for disclosure. They were identified only because the agency was required by the Court to prepare a *Vaughn* Index describing the documents withheld and the justification for employing a certain exemption after suit was filed. Once this Court ordered that the FTC compile the Index,[3] the agency discovered additional responsive records that were improperly withheld under FOIA exemptions, and released 22 pages to Plaintiff that were previously full-denials, partial grants, or duplicates, on or around August 2, 2012.

In its Opposition to this Motion, Plaintiff again argued that the FTC was improperly withholding additional responsive documents. Again in response to Plaintiff, Defendant determined that it had withheld further documents that should have been released more than a year earlier. On October 10, 2012, the FTC delivered an additional 38 pages of responsive documents. Additionally, Defendant delivered a CD-Rom or DVD to Plaintiff that contained all 3,004 pages of the released documents in response to Plaintiff's claim that it had not received all of the documents Defendant claimed it had released.

---

[3] Dkt. No. 11 "Agreed Order," dated June 21, 2012.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of showing the court the basis for its motion and identifying the evidence that demonstrates the absence of a genuine issue of material fact. *Id.* Once the moving party satisfies its initial burden, the opposing party has the burden of showing, by means of affidavits or other verified evidence, that there exists a genuine dispute of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see also Local Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir. 1997) ("[T]o avoid summary judgment, the non-moving party's evidence must be of sufficient quantity and quality as to establish a *genuine* issue of material fact for trial.") (emphasis in original). A dispute of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party. . . ." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson*, 477 U.S. at 255). However, "[f]anciful inferences and bald speculations of the sort no rational trier of fact would draw or engage in at trial need not be drawn or engaged in at summary judgment." *Clinchfield Coal Co.*, 124 F.3d at 640.

The standard of review in FOIA cases is limited to determining "whether (1) the district court had adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached is clearly erroneous." *Spannaus v. Dept. of Justice*, 813 F.2d 1285, 1288 (4th Cir. 1987). Summary Judgment motions, however, are not entitled to the clearly erroneous standard of review. Courts must instead review the FOIA action *de novo*. *Bowers v. Dept. of Justice*, 930 F.2d 350 (4th Cir. 1991) (citing *Simmons v. Dept. of Justice*, 796 F.2d 709, 710 (4th Cir. 1986)). Furthermore, the strong presumption in favor of disclosure of documents under FOIA places the burden on the agency to justify withholding any requested documents. *U.S. Dept. of State v. Ray*, 502 U.S. 164, 173 (1991). The burden remains on the agency when seeking to justify redactions within a particular document as well as when seeking to withhold an entire document. *Id.*

## ANALYSIS

To win summary judgment on the adequacy of its FOIA search the FTC must demonstrate that no genuine issues of material fact exist with the adequacy of the search. The agency must make a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Nation Magazine v. Customs Serv.*, 71 F.3d 885 (D.C. Cir. 1995). The question is not whether every responsive document has been unearthed, but whether the agency has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents. *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1246-77 (4th Cir. 1994).

After *de novo* review, the Court finds that the FTC failed to demonstrate that it conducted the search in a manner reasonably calculated to uncover *all* relevant documents and summary judgment is, therefore, inappropriate in this case. While no single failure on the part of the FTC

10

requires a conclusive finding of unreasonableness, the myriad shortcomings of the methods and results of the search establish that the search was inadequate under the requirements of FOIA. First, the FTC identified dozens of documents that included work done by the Bureau of Economics, yet it failed to conduct the search within that division as expressly requested in Plaintiff's FOIA request. Second, the FTC took over 91 days to review the 3,004 responsive documents that were confirmed received by the FOIA office on June 15, 2011. At that rate, the agency reviewed an average of 34 pages per day. Third, the agency's numerous erroneous withholdings and inaccurate *Vaughn* Index demonstrate the agency's failure to properly carry out the FOIA request. Finally, the FTC's revisions and corrections to its *Vaughn* Index and declarations, while not conclusive of bad faith, leave the Court with significant doubts concerning the efficacy of the search.

Ultimately, the FTC took more than one year and four months to disclose all responsive records, failed to identify several responsive records until well after this litigation had commenced, mistakenly withheld documents, and improperly claimed exemptions under the consultant corollary exemption. The agency's numerous missteps throughout the drawn out FOIA process raise significant doubts in the eyes of the Court that the FTC's search was reasonably calculated to uncover all responsive records. Granting Defendant's motion at this point in the proceedings would require the Court extend a significant degree of deference to the agency, which is not part of the Court's *de novo* review. As such, summary judgment in favor of Defendant is not appropriate.

## I.     Adequacy of the Search

Defendant rightfully argues that FOIA does not require that the agency search any and all possible offices for records nor does the agency have to conduct a search using the terms or

offices requested in Plaintiff's official FOIA request. *See Defenders of Wildlife v. U.S. Dept. of Interior*, 314 F.Supp.2d 1 (D.D.C. 2004). The proper standard, instead, requires that the agency conduct a search reasonably anticipated to uncover all relevant documents. *Ethyl Corp.* at 1246. In this case, the FTC's refusal to search the Bureau of Economics for responsive records was unreasonable.

The agency's very own *Vaughn* Index lists dozens of documents that involve personnel within the Bureau of Economics. Dkt. No. 13-1 at 16-32. Furthermore, Plaintiff's FOIA request specifically listed offices where they expected to find responsive records, seeking documents related to "post and hold and alcohol pricing laws;…wine and distilled spirits…any organizations representing the aforementioned; and any entity communicating with…any division or office [at the FTC], including…the Bureaus of….Economics." Dkt. No. 13-1 at 19. Mr. Killoy's declaration claims that "using the search terms provided by Mr. Carter's requests," he identified 13 offices where responsive records were likely to be found. Dkt. No. 13-1 at 52. None of the offices identified, however, included the Bureau of Economics. It is not clear how using all of Plaintiff's search terms could reasonably return results without any documents being found in the Bureau of Economics.[4]

The FTC defends its findings by siting the method used and the fact that the FTC's Oracle Business Objects XI database returned no results for the Bureau of Economics. Nonetheless, FOIA requires the Court apply a reasonableness standard, rather than simply looking to the typical or most efficient method of conducting a search. As such, a reasonable

---

[4] We know from publicly available publications that in August 2010, the FTC Bureau of Economics released a working paper authored by James C. Cooper and Professor Joshua D. Wright entitled "State Regulation of Alcohol Distribution: The Effects of Post & Hold Laws on Consumption and Social Harms." As noted earlier, Plaintiff's FOIA request specifically sought documents within the "Bureau of Economics," any documents relating to "liquor," and "post and hold and alcohol pricing."

FOIA paralegal, along with the FTC's Office of General Counsel, should have reasonably anticipated that responsive records would be found in the Bureau of Economics. Defendant has not provided the Court with sufficient information to determine that the FOIA search, which returned no responsive documents within the Bureau of Economics, was conducted in a manner reasonably certain to uncover all responsive records.

## II.     Continued and Delayed Disclosures

Plaintiff challenges Defendant's Motion for Summary Judgment, in part, based on the timeliness of the FTC's response to the FOIA request. Perhaps justifiably, the FTC was unable to complete the search within the 20-day statutory period required under the Act. The agency considered Plaintiff's search voluminous and was required to pull records from multiple offices and departments, including from offices in the Northwest region of the country. The fact that the FTC fulfilled the request in multiple segments and did not send Plaintiff a "final" response letter with attached documents until September 30, 2011 is not indicative of bad faith. The failure, however, of the FTC to fully comply with the request for more than one year and four months raises doubts that the agency's FOIA compliance was timely.

The FTC did not release its most recent disclosure to Plaintiff until August of 2012, several months after this action was initiated and more than 15 months after the initial FOIA request submission. Admittedly, Defendant mistakenly withheld at least 22 responsive documents for more than a year. At the same time, the FTC has maintained that the search at issue before the Court was conducted in keeping with the methodology employed in the previous requests from Plaintiff. The fact that this was the fourth request of its kind by Plaintiff, however, should make the agency's compliance with the request more efficient. The unjustifiably long

13

delay leaves the Court with doubts that the agency's search was conducted in keeping with the FOIA statue, or in keeping with the Act's intent.

### III. FTC's Withholdings and the *Vaughn* Index

To withhold records responsive to a FOIA request, an agency must show that the material withheld falls into one of FOIA's nine statutory exemptions. 5 U.S.C. § 552(b). To make such a showing, the agency may submit affidavits, declarations, or a *Vaughn* index describing the withheld documents and the statutory basis for withholdings, which provide sufficient information to permit this Court to determine whether the withheld documents fall within the claimed exemption. *See Ethyl Corp. v. EPA*, 25 F.3d 1241. Alternatively, 5 U.S.C. § 552(a)(4) allows courts to undertake an *in camera* review to ensure that the agency carries its burden of satisfying the exemption requirements. *Id.* In the present case, the FTC has provided the Court with declarations and the *Vaughn* Index. Having reviewed the declarations and Index, the Court finds that it is unable to determine if the agency has satisfied its burden.

#### A. FOIA Exemptions

The vast majority of the withheld documents listed in the *Vaughn* Index were redacted under FOIA Exemption 5. 5 U.S.C. 552(b)(5). Exemption 5 allows the agency to withhold responsive records that consist of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *Id.* The purpose of this exemption has been interpreted to incorporate the deliberative process privilege, which shields from disclosure any documents that reflect the deliberations an agency undertook prior to arriving at a final decision. *See Defenders of Wildlife* (citing *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002).

14

The *Vaughn* Index included a number of withheld documents that concern the Court. One example includes communications between third parties and the agency where the FTC claims certain third parties are included under the inter-agency and intra-agency memorandum exemptions due to the "consultant corollary" exemption. In *Dept. of Interior v. Klamath Water Users Protective Association*, the Supreme Court explained that certain records submitted by outside consultants play essentially the same part in an agency's decision-making process as the documents prepared directly by agency personnel. 532 U.S. 1 (2001). The Court continued, distinguishing between a consultant that is an independent contractor, which would be exempt, and a consultant that represents one's own interest or the interests of a client before the agency, which would not. If a consultant advocates out of self-interest or client-interests "at the expense of others seeking benefits inadequate to satisfy everyone," then it cannot be protected under the consultant corollary exemption. *Id.*

In this case, Plaintiff raises the question of whether several communications between the agency and third parties should be protected by the consultant corollary exemption. In her declaration, Assistant General Counsel Dione Jackson Stearns claimed that "[i]n each of the commission's communications with outside third parties, the parties acted in a consulting capacity and did not seek a government benefit in the regulation of alcohol." Stearns Decl. at 10-11. The *Vaughn* Index revealed, however, that the FTC claimed an exemption for an email from Gustav Chiarello to Sally Murphy, with several others copied. Dkt. No. 13-1 at 84; Index at Folder 8, 136-149. Plaintiff responded that Ms. Murphy is a registered lobbyist for the Wine Institute and that her emails cannot be withheld under the consultant corollary exemption. After Plaintiff identified the improper use of the exemption, the FTC submitted a supplemental declaration for Ms. Stearns and admitted it mistakenly withheld those records. Since that time,

the agency has disclosed additional previously exempted records to Plaintiff, but Plaintiff had no more opportunities to brief the Court on any additional potential mistakes.

In addition, the *Vaughn* Index does not provide sufficient information to determine that all of the documents claimed under Exemption 6 qualify for protection from disclosure. The *Vaughn* Index indicates that some of the documents entirely withheld under Exemption 6 may contain portions of documents that could be produced after redactions were made.

Without further review of the documents, authors, recipients, and content of the withheld documents, the shortcomings of the FTC's initial fulfillment of the FOIA request casts substantial doubt on the agency's claim that it satisfied all its burdens when withholding documents. In the end, the *Vaughn* Index does not provide information sufficient for this Court to determine that disclosure of the requested documents "would have a chilling effect upon open and frank exchange of opinions" within the FTC. *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994).

### B. Segregable Information

To further justify its right to Summary Judgment, the FTC must demonstrate that each document withheld under a FOIA exemption cannot be segregated between exempt information and information subject to disclosure. *Assassination Archives and Research Ctr. v. CIA*, 334 F.3d 55, 57-58 (D.C. Cir. 2003); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 117 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). If possible, each document should have information redacted when covered by an exemption and the remainder of the document should be disclosed. *Id.* In other words, the agency is required to segregate non-exempt information and disclose it to Plaintiff, unless such information is "inextricably intertwined with [the] policymaking processes such that revelation of the factual material would simultaneously expose

16

protected deliberation." *City of Va. Beach v. U.S. Dep't. of Commerce*, 995 F.2d 1247, 1252-53 (4th Cir. 1993).

Plaintiff has not offered substantive evidence to suggest that Defendant's attempt to segregate exempt information failed for any single withheld document. Plaintiff points, instead, to the more than 2,000 documents withheld in full under either Exemption 5 or 6 and simply states that these documents *must* contain some segregable information, as more than 70 percent of the documents withheld from Plaintiff were exempted in whole. Despite Plaintiff's inability to rebut Defendant's claim that segregability was proper for each document, the burden remains on the agency to show that it properly fulfilled the requirements under FOIA. The affidavits and *Vaughn* Index do not offer sufficient information for the Court to conclusively determine that the FTC complied with the segregability requirements. As a matter of law, the FTC has failed to satisfy the Court that no genuine issues remain in terms of the segregability of the withheld documents. Therefore, again, an *in camera* review of the documents listed in the *Vaughn* Index is appropriate.

## CONCLUSION

This case comes before the Court on the heels of several prior attempts by Plaintiff to elicit satisfactory responses to its systematic FOIA request submissions. In the prior suits, the Court has, for the most part, found that Defendant satisfied its burden and demonstrated through affidavits and the *Vaughn* index that it had conducted an adequate search. The evidence before the Court in this case, however, demonstrates different flaws. While agencies are only required to demonstrate that their FOIA searches are reasonably expected to return all results, reasonableness is not presumed and no deference is owed to the agency. To the contrary, as stated herein, the Court is required by the statute to make a *de novo* review of the FOIA request

and disclosures. Having found that genuine issues of material fact remain in terms of the adequacy of Defendant's search, the timeliness of the agency's compliance, along with the inability of the Court to conclusively determine that the withholdings and segregation of documents were proper, summary judgment is not appropriate at this time.

For the reasons stated in open court and those stated herein, Defendant Federal Trade Commission's Motion for Summary Judgment shall be DENIED.

An appropriate order shall issue.

February 21, 2012
Alexandria, VA

/s/
Liam O'Grady
United States District Judge